Del Valle & Cía., demandante y apelada, *v.* Fernando Caso, Félix Benítez Rexach y United States Fidelity & Guaranty Co., demandados y apelantes.

Núm. 7568.—*Sometido:* Enero 18, 1939. *Resuelto:* Noviembre 22, 1939.

*Juan Enrique Géigel y Guillermo Silva,* abogados de los apelantes: *Ismael Soldevila,* abogado de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En un procedimiento de *injunction* iniciado ante la Corte de Distrito de San Juan Fernando Caso y Félix Benítez Rexach obtuvieron una orden de entredicho contra Del Valle & Cía.

En la orden se prohibía a la demandada que diera cumplimiento a un contrato sobre construcción de ciertas obras públicas en relación con el acueducto de Bayamón y San Juan. La Fidelity & Guaranty Company prestó fianza para responder de todos los daños y perjuicios que Del Valle &

Cía. pudiera sufrir con motivo de dicha orden. Ésta fué más tarde anulada y Del Valle & Cía. instó demanda contra Caso, Benítez Rexach y la compañía fiadora. La corte de distrito concedió daños y perjuicios.

En apelación se señalan dos errores: (1) que la corte de distrito cometió error al declarar que el sueldo que devengaba Carlos del Valle, como ingeniero jefe de la apelada, era recobrable por el período en que estuvo en vigor la orden de entredicho; (2) que la corte inferior erró al declarar que la apelada podía recobrar $149.31 como parte proporcional del depósito de $261.32, pagado por la apelada por concepto de primas de indemnizaciones a obreros.

La corte inferior fué de opinión que la demandante debía obtener sentencia por los sueldos y jornales de todos los empleados que eran necesarios en la obra, mientras el trabajo estaba paralizado y que en su consecuencia la demandante debía obtener indemnización por el sueldo del ingeniero a cargo del trabajo. Los apelantes sostienen que el ingeniero jefe lo era Carlos del Valle, Presidente de la compañía apelada, que recibía un sueldo fijo de $600 mensuales, no importa lo que hiciera. La apelada sostiene que despidió a todos los empleados que no eran necesarios, pero que aunque la construcción estaba paralizada, alguien tenía que estar a cargo de la obra, y que el hecho de que el sueldo de del Valle fuera fijo, carecía de importancia, toda vez que la apelada tenía derecho a esperar que éste rindiera algunos servicios a cambio de dicho sueldo y puesto que no estaba ocupado en ningún otro contrato para aquel entonces, toda la atención de dicho empleado se dedicaba a la empresa que fué paralizada por los demandados. La corte inferior fué de opinión que si Del Valle & Cía. hubiera estado ocupada en varios contratos, el sueldo del ingeniero debía distribuirse entre ellos en proporción a su importancia. Se demostró que mientras la orden de entredicho estuvo en vigor Del Valle & Cía. tan sólo estuvo ocupada en dicha obra. Resolvemos

que el razonamiento de la corte inferior es correcto, y esto resuelve el primer señalamiento de error.

En lo que al segundo señalamiento concierne, lo cierto es que la orden de entredicho estuvo en vigor por espacio de 44 días. Durante ese tiempo la apelada tuvo que poner en la propiedad unos cuantos celadores. Estos trabajadores tenían que estar asegurados de acuerdo con la ley que entonces regía (Núm. 102, de septiembre 1, 1925, pág. 905, sobre Indemnizaciones por Accidentes del Trabajo). La apelada pagó $261.32 por el término de 77 días, que incluía los 44 días ya mencionados. La corte inferior concedió daños y perjuicios hasta la suma de $149.31, o sea por la proporción del número de días que la obra estuvo paralizada.

Los apelantes sostienen que la suma pagada era un depósito que habría de liquidarse al finalizar el período por el cual no se hacía el seguro. También arguyen que las primas de seguro se pagan a base de las nóminas. Igualmente, que la reclamación sobre las primas no había sido alegada de manera específica y en forma separada en la demanda.

Resolvemos, conforme lo hizo la corte inferior, que debe declararse con lugar la reclamación en cobro de las primas. Los apelantes admitieron que hubo que dejar celadores en la propiedad. No apelaron del pronunciamiento de que la demandante debe recobrar en concepto de daños y perjuicios los jornales pagados a estos celadores. Los obreros tenían por ley que estar asegurados. Las primas son recobrables en la misma forma que los jornales.

En lo que concierne a la falta de una alegación específica de daños y perjuicios por tal concepto, creemos que tal alegación se incluyó debidamente en la demanda. Entre otras sumas, los daños y perjuicios reclamados eran:

"C. Gastos generales de administración, incluyendo sueldos de los ingenieros. . ."

Los demandados renunciaron a cualquier otra alegación que fuera necesaria toda vez que no solicitaron un pliego de

particulares, no hicieron objeción alguna a la admisión de prueba en relación con el asunto ni anotaron excepción de clase alguna.

La demandante probó de manera concluyente que había pagado la suma en cuestión. Los demandados demostraron que al expirar la póliza la demandante podía posiblemente obtener la devolución de parte de la prima. Empero, no se ofreció prueba para demostrar que la demandante obtuvo la devolución de suma alguna, o que si hubo tal devolución, a cuánto ascendió dicha suma. Tampoco se ofreció prueba ante la corte inferior respecto a cómo la suma pagada debía aplicarse a los períodos de tiempo cubiertos por el seguro. En ausencia de prueba en contrario, la corte de distrito asumió correctamente que la demandante no recobró parte alguna de la prima pagada, y que la misma era aplicable por igual a los 77 días que cubría. En su consecuencia la concesión de $149.31 no estuvo equivocada.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Travieso no intervino.